FILED
United States Court of Appeals
Tenth Circuit

March 12, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GREGORY D. JORDAN,

Defendant-Appellant.

No. 11-3380

(D.C. Nos. 2:10-CV-02566-JWL and
2:08-CR-20117-JWL-1)
(D. Kan.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **BRISCOE,** Chief Judge, **MCKAY** and **HOLMES**, Circuit Judges.

---

Gregory D. Jordan, a federal prisoner proceeding pro se, appeals the district

court's dismissal of his motion to vacate his sentence under 28 U.S.C. § 2255. As part of

a plea agreement, Jordan waived the right to file this motion. The district court enforced

Jordan's waiver, dismissed Jordan's motion, and denied his application for a certificate of

appealability (COA) as well as his motion to reconsider. We exercise jurisdiction under

28 U.S.C. § 1291. Because Jordan has not "made a substantial showing of the denial of a

constitutional right," 28 U.S.C. § 2253(c)(2), we also deny Jordan the COA and

accordingly dismiss this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

## I.

In 2009, Jordan pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and was sentenced to 168 months in prison. In the plea agreement he reached with the government, he waived the right to appeal or collaterally attack any matter in connection with his prosecution, conviction, and sentence, including his right to file a motion under § 2255, except as limited by United States v. Cockerham, 237 F.3d 1179 (10th Cir. 2001). Jordan nonetheless filed a § 2255 motion in district court, arguing that the waiver he had executed was invalid due to ineffective assistance of counsel, prosecutorial conduct, and his youth.[1] The district court rejected these arguments, dismissed Jordan's motion, and denied him a COA.

We have jurisdiction to address the merits of Jordan's appeal only if we first issue a COA. 28 U.S.C. § 2253(c)(1)(B); Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). We do so only where an applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To accomplish this, Jordan must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

---

[1] Jordan was nineteen years old when the charged conduct took place, and twenty-one when he was sentenced.

## II.

We apply a three-part test to evaluate the enforceability of a waiver of § 2255 rights in a plea agreement. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004). We determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." Id. On appeal, Jordan does not dispute the district court's conclusion that this appeal falls within the terms of his waiver. He continues to argue, however, that the waiver was not knowing and voluntary and that its enforcement would result in a miscarriage of justice.

Jordan's primary argument is based on the theory that the statute under which he was convicted did not apply to his actions. He notes that the drug stash house he conspired to rob did not actually exist; it was invented by government agents. Congress did not intend, he argues, to punish "fake robbery conspiracies." Because his lawyers did not bring this argument to his attention, Jordan insists that he received ineffective assistance of counsel and his plea was not knowing or voluntary.

This argument fails because Jordan's lawyers had no obligation to discuss with him a meritless legal theory. Jordan did not plead guilty to possessing drugs, but to conspiracy. "At the core of a single conspiracy is an agreement to break the law. Criminalized is the agreement itself. That the illegal act does not materialize is another matter . . . ." United States v. Roberts, 14 F.3d 502, 511 (10th Cir. 1993) (citation

3

omitted).  "Though it might seem odd, the fact that the stash house, the drugs—indeed the whole plot—was fake is irrelevant.  That the crime agreed upon was in fact impossible to commit is no defense to the crime of conspiracy.  The crime of conspiracy is the agreement itself."  United States v. Corson, 579 F.3d 804, 810 (7th Cir. 2009); see also United States v. Rodriguez, 360 F.3d 949, 957 (9th Cir. 2004) ("Impossibility is not a defense to the conspiracy charge.").

Jordan also asserts more generally that he did not understand the waiver he entered into or the elements of the charge to which he pleaded guilty.  To the extent that Jordan intends this to be a separate argument from his claim that his counsel was ineffective, we reject it.  The plea agreement clearly states the rights Jordan waived to appeal or challenge his sentence.  Moreover, the district court noted that "the court, during its Rule 11 colloquy with Mr. Jordan, specifically discussed that he had waived his right to challenge his sentence through a § 2255 motion.  Mr. Jordan assured the court that he understood the nature of § 2255 claims, that he understood that he had waived his right to assert such claims, and that he was entirely willing to do so."  Mem. & Order of Feb. 28, 2011 at 4.  We see no room for reasonable debate as to whether Jordan's waiver was knowing and voluntary or as to whether a miscarriage of justice would result from its enforcement.  Jordan does not make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

## III.

We DENY Jordan's application for a COA and DISMISS this matter.

Entered for the Court

Mary Beck Briscoe
Chief Judge